SYKES, Circuit Judge,
concurring.
I would dismiss this appeal for noncompliance with Rule 28 of the Federal Rules of Appellate Procedure. Gary Currie’s appellate brief consists of less than a page and a half of generalized assertions of “lies” on the part of Paper Converting Machine Company, Inc., and a generalized reference to having “hard solid evidence” that he is “more qualified than People that were transferred from 0 & E Machine to Renard Machine.” Rule 28 requires that an appellant’s brief contain (among other things) an argument that is more than a generalized assertion of error, with citation to supporting legal authority and the record evidence on which the appellant relies. Fed. R. App. P. 28(a)(9); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir.2001). The rule promotes the evenhanded administration of justice and “applies equally to pro se litigants.” Id. Where, as here, a pro se litigant fails to comply with the rule, “we cannot fill the void by crafting arguments and performing the necessary legal research.” Id. Although pro se filings are liberally construed in favor of providing appellate review, “pro se litigants should expect that noncompliance with Rule 28 will result in dismissal of the appeal.” Id. Paper Converting argues as a threshold matter that Currie’s appellate brief is inadequate under Rule 28, warranting dismissal. I agree, and would dismiss the appeal for noncompliance with Rule 28.